# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| YVETTE GAINES,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMER LEGAL GROUP P.C,<br><br>Defendant. | Case No. 2:25-cv-01941 |

## COMPLAINT

**NOW COMES** YVETTE GAINES ("Plaintiff"), by and through the undersigned counsel, complaining of CONSUMER LEGAL GROUP P.C. ("Defendant"), as follows:

## NATURE OF ACTION

1. Plaintiff brings this action seeking redress for violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.*, the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18 *et seq.*, fraud, negligent misrepresentation, breach of contract, breach of fiduciary duty, and legal malpractice.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

1

## PARTIES

5. Plaintiff is a natural persons and consumer, over 18 years-of-age, residing in Milwaukee, Wisconsin.

6. Defendant is a law firm that claims to help consumers resolve their consumer debt.

7. Defendant's principal place of business at 140 Broadway, New York, NY 10005.

## FACTUAL ALLEGATIONS

8. In or around early 2024, Plaintiff had a number of debts which were impacting her credit, prompting her to begin looking for companies who may be able to assist her in improving her overall credit rating and resolving her obligations.

9. Subsequently thereafter, Plaintiff found Defendant due to its representations that it could help consumers resolve their obligations by negotiating with creditors to reduce their outstanding debts and to remove creditors from their consumer credit reports.

10. Plaintiff spoke with Defendant and Defendant's agent represented to Plaintiff that it would be able to (1) resolve Plaintiff's financial obligations for a significant discount by negotiating with Plaintiff's creditors; (2) remove adverse accounts from Plaintiff's consumer credit reports; and (3) increase Plaintiff's credit score.

11. Defendant further represented to Plaintiff that all she would need to do is make monthly payments over a certain period of time and that Defendant would utilize the payments to expeditiously resolve Plaintiff's enrolled debts.

12. In or around February 27, 2024, having relied on Defendant's representations, Plaintiff formally enrolled various debts into Defendant's debt settlement programs by entering into a contract with Defendant for legal and debt resolution services.

13. Specifically, Plaintiff enrolled a total debt amount of approximately $40,961.00.

14. Pursuant to the contract, Plaintiff was obligated to make monthly payments of approximately $454.79.

15. Plaintiff proceeded to make her monthly payments to Defendant in a timely manner, totaling no less than $5,000.00 with which Defendant was able to resolve some of Plaintiff's enrolled debts.

16. During the enrollment period, Plaintiff was repeatedly assured that Defendant was actively communicating with her enrolled creditors and that settlements would soon be reached.

17. Despite Defendant's assurances, Defendant failed to resolve Plaintiff's debts as expeditiously as Defendant represented it would.

18. Despite Defendant's representations, Plaintiff's credit scores did not improve during the enrollment period.

19. Plaintiff signed up for Defendant's debt settlement and credit improvement services based on its representations that it would negotiate and settle her outstanding debts and improve her credit.

20. Throughout its dealings with Plaintiff, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's debt settlement program.

21. Furthermore, Defendant repeatedly informed Plaintiff that it was working on negotiating settlements with her creditors on her behalf.

22. However, Defendant chronically failed to engage the vast majority of Plaintiff's creditors in settlement discussions, which resulted in Plaintiff's creditors hounding Plaintiff for payments.

23. As a result of Defendant's inaction, Plaintiff's creditors continued to hound Plaintiff through harassing collection calls and other collection activity.

24. After regularly making monthly payments of approximately $454.79 over the course of over a year, Plaintiff was frustrated to learn that Defendant had failed to resolve *any* of her accounts.

25. Additionally, Defendant promised Plaintiff that it would legally represent her if Plaintiff got sued by the original creditor as a result of the surmounting debt.

26. However, despite Defendant's promises to work with Plaintiff's creditors to resolve outstanding debts, Plaintiff was sued by Capital One and Credit Union and Defendant failed to show up in court.

27. Respond failed to deliver on its promise that it would legally represent Plaintiff after Capital One and Credit Union sued Plaintiff, resulting in Plaintiff acting on her behalf and dealing with the lawsuit without any legal guidance.

28. Having had enough of Defendant's ineffective services, Plaintiff ultimately canceled Defendant's services in or around April 2025.

29. Defendant refused to provide a full refund to Plaintiff after Plaintiff requested cancellation of the program. Defendant only returned a partial refund of around $5,000.

30. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights.

31. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, as well as numerous violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations and debt management companies.

32. Simply put, Plaintiff found herself in a much worse financial position after enrolling in Defendant's "debt settlement" program.

**COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT**

33. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA because she is an individual that sought and obtained credit repair services.

35. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    a. **Violations of CROA § 1679b(a)(3) and (a)(4)**

36. Section 1679b(a)(3) of the CROA prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization."

37. Additionally, Section 1679b(a)(4) of the CROA, prohibits any person from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

38. Defendant violated §§ 1679b(a)(3) and (4) by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services that it was contractually obligated to provide; (3) failing to

promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) failing to resolve any of Plaintiff's debts or improve Plaintiff's credit score; (5) putting its financial interests ahead of Plaintiff's interests; and (6) falsely representing that its program would improve Plaintiff's credit scores.

    **b.    Violations of CROA § 1679b(b)**

39.    Section 1679b(b) of CROA provides:

No credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed.

40.    Defendant violated §1679b(b) of CROA by charging Plaintiff for services prior to fully performing the services (resolving Plaintiff' debts or improving Plaintiff' credit scores).

    **c.    Violations of CROA § 1679d**

41.    Section 1679d of the CROA outlines various requirements for the contracts between credit repair organizations and consumers, including "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679d(b)(4).

42.    Defendant violated § 1692d(b)(4) of the CROA through its failure to provide the required disclosure in bold face type in immediate proximity for the place reserved for Plaintiff's signature on the contract.

43.    As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A judgment in Plaintiff's favor for Defendant's violations of the aforementioned sections of CROA;

b. An award of actual damages pursuant to 15 U.S.C. § 1679g(a)(1);

c. An award of punitive damages pursuant to 15 U.S.C. § 1679g(a)(2)(A);

d. An award of Plaintiff's attorney's fees and costs pursuant to 15 U.S.C. § 1679g(a)(3); and

e. Any further relief as this Arbitrator finds to be just and appropriate.

## COUNT II – VIOLATIONS OF THE WISCONSIN DECEPTIVE TRADE PRACTICES ACT

44. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

45. Defendant is subject to the provisions of Wis. Stat. § 100.18 because it is engaged in advertising and/or representations related to the sale and promotion of its services to the public in Wisconsin.

46. Wis. Stat. § 100.18(1) broadly prohibits fraudulent representations and deceptive advertising practices in the sale of goods and services in Wisconsin.

47. Defendant violated Wis. Stat. § 100.18(1) by, *inter alia*, unfairly and deceptively (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services that it was contractually obligated to provide; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff' debts; (4) failing to resolve any of Plaintiff's debts or improve Plaintiff's credit score as it promised it would; and (5) putting its financial interests ahead of Plaintiff's interests.

48. Defendant further violated Wis. Stat. § 100.18(1) by implicitly and/or explicitly representing to Plaintiff that its services would improve Plaintiff's credit scores when it knew that Plaintiff's credit scores would decrease due to missed payments.

49. Plaintiff heavily relied on all of the aforementioned false statements to their detriment.

50. Defendant's conduct was unfair and deceptive because Defendant misled Plaintiff into trusting that Defendant would act in her best interests and resolve her debts in a timely fashion.

51. Upon information and belief, it is Defendant's business practice to mislead consumers into believing that their debt would be promptly resolved and that their credit scores would improve.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A judgment in favor of Plaintiff for Defendant's violations of Wis. Stat. § 100.18;

b. An award of actual damages pursuant to Wis. Stat. § 100.18(11)(b)(2);

c. An award of Plaintiff' reasonable attorney's fees and costs pursuant to Wis. Stat. § 100.18(11)(b)(2); and,

d. Any further relief as this Honorable Court deems just and appropriate.

## COUNT III – FRAUD

52. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

53. The elements of fraud are: (1) a factual representation or, where there is a duty to disclose, concealment of a fact; (2) which was untrue; (3) made with knowledge of its falsity or made recklessly without caring whether it was true or false; (4) made with the intent to defraud and to induce another to act upon it; and (5) the Plaintiff believed the statement to be true and

8

relied on it to his/her detriment. *Kaloti Enters. v. Kellogg Sales Co.*, 283 Wis. 2d 555, 699 N.W.2d 205 (2005).

54. Defendant committed fraud by falsely representing to Plaintiff that it would expeditiously resolve her debts and improve her credit scores.

55. Defendant knew that its debt resolution program cannot possibly improve Plaintiff's credit scores as it requires Plaintiff to stop making payments to her creditors, which will in turn decrease Plaintiff's credit scores.

56. Plaintiff detrimentally relied on the representations by enrolling in Defendant's debt resolution/credit improvement program and making payments into the program.

57. Despite making payments into Defendant's debt resolution/credit improvement program, Defendant failed to settle any of Plaintiff's debts or improve Plaintiff's credit scores.

58. As alleged above, Plaintiff was severely harmed by Defendant's actions and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A judgment in Plaintiff's favor for fraud;
b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial;
c. Awarding Plaintiff her reasonable attorney's fees and costs; and
d. Awarding any other relief as this Arbitrator deems just and appropriate.

## **COUNT IV –NEGLIGENT MISREPRESENTATION**

59. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

60. The tort of negligent misrepresentation has four elements: (1) a duty of care or voluntary assumption of a duty on the part of the Defendant; (2) a breach of that duty, i.e., failure to exercise ordinary care in making the representation or in ascertaining the facts; (3) a causal link between the conduct and the injury; and (4) actual loss or damage as a result of the injury. *Hatleberg v. Norwest Bank Wis.*, 283 Wis. 2d 234, 700 N.W.2d 15 (2005).

61. Defendant made negligent misrepresentations through its conduct in promising Plaintiff that it would (1) promptly communicate with Plaintiff's enrolled creditors, (2) efficiently settle Plaintiff's enrolled debts, and (3) improve Plaintiff's credit score.

62. Further, Defendant implicitly and/or explicitly represented to Plaintiff that its services would improve Plaintiff's credit scores when it knew that Plaintiff's credit scores would decrease due to missed payments.

63. Plaintiff heavily relied on all of the aforementioned false statements to her detriment.

64. As alleged above, Plaintiff was severely harmed by Defendant's actions and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

e. A judgment in Plaintiff's favor for negligent misrepresentation;

f. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial;

g. Awarding Plaintiff's reasonable attorney's fees and costs; and

h. Awarding any other relief as this Arbitrator deems just and appropriate.

## COUNT V – LEGAL MALPRACTICE

65. Plaintiff repeats and reallege all preceding paragraphs as though fully set forth herein.

66. In Wisconsin, to establish a cause of action for legal malpractice based on negligence, a Plaintiff must prove the following elements: (1) an attorney-client relationship, (2) the attorney's actions were negligent; (3) the attorney's negligent actions caused the client's injury; and (4) the client suffered an actual injury." *Skindzelewski v. Smith*, 392 Wis. 2d 117, 944 N.W.2d 575 (2020).

67. Plaintiff and Defendant entered into an attorney-client relationship on February 27, 2025 upon Plaintiff executing a Client Retainer Agreement with Defendant in which Defendant agreed to provide legal representation and debt resolution services to Plaintiff.

68. Defendant owed a professional duty to Plaintiff as a result of this contractual relationship, specifically to negotiate with Plaintiff's creditors and provide other legal services.

69. The professional duty requires the attorney to exercise that degree of care, skill, and judgment which is usually exercised under like or similar circumstances by lawyers licensed to practice in this state. *Cook v. Cont'l Cas. Co.*, 180 Wis. 2d 237, 509 N.W.2d 100 (Ct. App. 1993).

70. Defendant breached its duties as set forth in the Client Retainer Agreement by, *inter alia*, (1) failing to promptly communicate with Plaintiff's enrolled creditors, (2) failing to resolve *any* of Plaintiff's enrolled debts, and (3) failing to improve Plaintiff's credit score.

71. As set forth above, Defendant failed to resolve any of Plaintiff's debts despite having adequate funds to resolve Plaintiff's debts.

72. As set forth above, Plaintiff suffered damages as a result of Defendant's legal malpractice.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.      A judgment in favor of Plaintiff for legal malpractice;

b.      Awarding Plaintiff actual damages;

c.      Award Plaintiff punitive damages; and,

d.      Awarding any other relief as this Arbitrator deems just and appropriate

## COUNT VI – BREACH OF CONTRACT

73.      Plaintiff repeat and reallege all preceding paragraphs as though fully set forth herein.

74.      The contract for debt settlement services between Plaintiff and Defendant is a valid and enforceable contract.

75.      The elements of breach of contract are (1) a legally enforceable obligation of a Defendant to a Plaintiff; (2) the Defendant's violation or breach of that obligation; and (3) injury or damage to the Plaintiff caused by the breach of obligation.

76.      Defendant breached its contract with Plaintiff by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) pocketing unearned fees and fees not authorized by the contract; and (5) putting its financial interests ahead of Plaintiff's interests.

77.      In Wisconsin, "every contract implies good faith and fair dealing between the parties to it." *Runzheimer Int'l, Ltd. v. Friedlen*, 2015 WI 45, at P54 (2015). "Following the letter but not the spirit of an agreement, and . . . it [is] deemed a violation of the covenant of good faith and fair dealing to do so." *Id.*

12

78. There could be no question that Defendant's comprehensive conduct as set forth above breaches the implied covenant of good faith and fair dealing.

79. As set forth above, Plaintiff suffered damages as a result of Defendant's breach of contract.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. Declaring that Defendant breached the underlying contract;

b. Awarding Plaintiff actual damages;

c. Awarding Plaintiff punitive damages; and,

d. Awarding any other relief as the Arbitrator deems just and appropriate.

## COUNT VII – BREACH OF FIDUCIARY DUTY

80. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

81. Defendant owed Plaintiff a fiduciary duty arising out of the nature of this relationship.

82. Defendant owed Plaintiff a fiduciary duty because Plaintiff reposed a special confidence in Defendant and Defendant was bound to act in good faith and with due regard of Plaintiff.

83. Specifically, Plaintiff entrusted Defendant with her money and to use her money in a responsible manner to settle her debts.

84. Defendant breached its fiduciary duty to Plaintiff by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (3) failing to communicate with Plaintiff's creditors in an effort resolve Plaintiff's

debts; (4) pocketing unearned fees and fees not authorized by the contract; and (5) putting its financial interests ahead of the interests of Plaintiff.

85. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A judgment in Plaintiff's favor for breach of fiduciary duty;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Awarding any other relief as the Arbitrator deems just and appropriate

Dated: December 10, 2025

Respectfully submitted,

*/s/ Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave.
Suite 200
Lombard, Illinois 60148
(630) 575-8181 (phone)
(630) 575-8188 (fax)
mbadwan@sulaimanlaw.com